## FRANK H. MERRILL vs. WILLIAM B. REED.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Chapter 207 of the Public Acts of 1899 (§ 1632 of the General Statutes of 1902) prescribes the form of ballots to be used in town elections; requires the size and style of type to be the same in all, and such as may be directed by the secretary of the State in printed instructions to be prepared by him; and declares that all ballots not conformable to such requirements shall be void. *Held* that it was not fatal to the validity of ballots that the type differed slightly in form from that used in the instructions, nor that some ballots of the same party differed slightly from others printed at another office;

Merrill v. Reed.

provided they were printed in good faith, with no intention of fur-
nishing any distinguishing mark, and had no mark or device by
which they could be traced to the voter who cast them.

The same statute provides that the several offices voted for shall be de-
scribed on the ballots by the same name as in the statutes which
created them. *Held :—*

1. That the title of the office to be printed on the ballot was the title
described in existing statutes, rather than the title used in the
statute as originally enacted.

2. That the use of the title "Auditor of Town Accounts," instead of
"Auditor," did not invalidate the ballot. Nor does the use of the
title "Town Treasurer and Treasurer of Town Deposit Fund and
School Fund," instead of the proper title "Town Treasurer," where
the town treasurer is by statute, in the absence of any special ap-
pointment, treasurer *ex officio* of the town deposit and town school
funds.

Argued April 17th—decided June 6th, 1902.

PETITION for a recount of ballots cast for selectmen at the
annual town meeting in Norwalk on the first Monday of
October, 1901, and for a determination as to the legality of
certain ballots cast for the respondent, brought to and heard
by the *Hon. Ralph Wheeler*, a judge of the Superior Court;
facts found and judgment rendered for the respondent, and
appeal by the petitioner for alleged errors in the rulings of
the judge. *No error.*

The case is sufficiently stated in the opinion.

*John J. Walsh* and *J. Belden Hurlbutt*, for the appellant
(petitioner).

*John H. Light*, with whom was *William F. Tammany*, for
appellee (respondent).

BALDWIN, J. Under the Public Acts of 1899, p. 1115,
Chap. 207, in official ballots for town officers, "the titles of
the offices shall be described as they are respectively described
in the constitution of Connecticut as last amended, or where
those offices are not mentioned in that constitution as amended,
then their titles shall be described as they are described in the
statutes which created them, respectively." It is also pro-

vided that the "name of the party issuing the ballot" shall be printed "in larger type than that used for printing the titles of the offices and the names of the candidates, the size and style of which shall be the same on all ballots, and shall be prescribed by the secretary of this State not less than thirty nor more than sixty days before any election held under the provisions of this Act;" that "whenever paper shall be furnished to any party as herein provided, the secretary shall deliver, with such paper, printed instructions prescribing the size of type to be used;" that if any "ballot shall contain any mark or device so that the same may be identified in such a manner as to indicate who might have cast the same, the ballot so marked . . . shall not be counted;" and that "all ballots cast in violation of the foregoing provisions, or which do not conform to the foregoing requirements, shall be void and not counted."

The finding shows that the secretary of the State issued printed instructions, agreeably to the statute, requiring the type used in printing ballots to be "capital letters of ordinary Roman face book type, long primer size, like the type used in these instructions, except the name of the party at the top of the ballot, which shall be pica size, the same as the headline upon this circular."

The party name heading one set of ballots for town officers in Norwalk, at the election in 1901, was printed in the type thus required, except that the faces of the type were a little broader and higher than the faces of those used for the headline of the circular. There was named on this ticket as the title of one office, "Town Treasurer and Treasurer of Town Deposit Fund and School Fund." That of another office was given as "Auditor of Town Accounts."

The only ground of appeal is that these ballots were counted by the judge of the Superior Court before whom this petition was brought.

Another set of ballots for the same candidates was printed by the same party for use at the same election, differing slightly in each of the particulars above noted from the first set, and putting the party name or title farther above

that of the title of the first office named. Both sets were printed in good faith, each at a different printing office, without any view of furnishing any distinguishing mark or device, and there was no mark or device on any ballot such that it could be identified and traced back to the person who cast it.

Under these circumstances, all the ballots described were properly counted by the judge of the Superior Court, when the boxes were re-opened.

Our election laws do not contemplate the printing of ballots by the State, or at any single printing office. The State furnishes blank paper of the proper size, indorsed " Official ballot," and the names and offices are to be printed on at local printing offices, at the convenience of those interested. Under such a scheme of administration, it could not have been the intention of the General Assembly to commit to the secretary of the State power to exact the use of type precisely similar in face to those employed by the printers in setting up his circular of instruction. It is found by the trial judge that the faces of type are liable to spread by use, and that the height of type of the same kind and style often varies in different fonts. To give weight to such trifling variations in appearance would be not to support but to obstruct the privilege of free suffrage. Const. of Conn., Art. VI, § 6.

The town treasurer, in the absence of any special appointment, is the treasurer of the town deposit fund ; and he is also the officer to whom the comptroller of the State annually remits the town's dividend from the school fund. General Statutes, Rev. 1888, §§ 189, 2229. The appellant contends that the addition to the title " Town Treasurer," of the words " and Treasurer of Town Deposit Fund and School Fund," is a fatal departure from the requirements of the statute.

In support of this claim it is argued, first, that as these offices were created by statutes, their titles must be described precisely as they are described in those statutes when they were first enacted. No such narrow construction can properly be given to the Act of 1899. It refers to the statutes now in force. No others are accessible to the mass of

the community. Nor, taking these as the rule of description, is every petty variation of wording, such as the omission of a *the*, or the insertion of an *of*, necessarily enough to exclude a ballot, provided the error be one committed in good faith and having no natural tendency to furnish a distinguishing mark.

It is also contended that there was here an attempt to combine three offices, differently entitled, under a single title. But the town treasurer, as such, would fill them all, unless another were elected "treasurer of the town deposit fund" (General Statutes, Rev. of 1888, § 44). This being so, the ticket may fairly be regarded as simply naming the town treasurer, and adding a statement of his *ex officio* functions, as prescribed by law. This puts it on much the same ground as the title given to the office of "Auditor of Town Accounts," its proper style being "Auditor." General Statutes, Rev. 1888, § 44.

Neither of these errors, in the absence of any wrong intent, was enough to justify the rejection of the ballots. The party manager who searches the statutes for the proper title of an office cannot reasonably be held to perfect accuracy in every instance. In the case at bar, the titles now in question were printed in substantial conformity with the statutory description, and the additions to them which are the subject of exception, while unnecessary, were not sufficient to make the ballot void, under the principles of construction applicable to those provisions of our election laws which tend towards limiting the privileges of the elector. *Phelan* v. *Walsh*, 62 Conn. 260, 291, 294; *State* v. *Bossa*, 69 id. 335, 341; *Coughlin* v. *McElroy*, 72 id. 99, 105.

There is no error.

In this opinion the other judges concurred.